UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD A. HUFF JR., <br><br> Petitioner, <br><br> v. <br><br> LOS ANGELES COUNTY SUPERIOR COURT, <br><br> Respondent. | Case No. CV 24-04115 AB (RAO) <br><br> **ORDER DISMISSING ACTION** |

## I.   INTRODUCTION

On April 25, 2024, Rod A. Huff, Jr. ("Petitioner"), a pretrial detainee proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1 ("Pet.").) At the time of constructively filing, Petitioner was being held in a jail in Los Angeles County.[2]

---

[1] The Petition was originally filed in the Ninth Circuit and subsequently transferred to this district on May 8, 2024. (*See* ECF No. 2.) Pursuant to the Ninth Circuit's transfer order, the Petition is deemed filed on April 25, 2024, the date it was signed. (*Id.*)

[2] Petitioner filed a notice of change of address on May 28, 2024, listing Patton State Hospital as his new address. (ECF No. 7.)

The Petition alleges violations of the Fourth and Eighth Amendments, the Eminent Domain Clause of the Fifth Amendment, and the Uniform Commercial Code. (Pet. at 3–4.)[3] Attached to the Petition are copies of the initial and supplemental case reports from the Beverly Hills Police Department underlying his criminal case in the Los Angeles County Superior Court, *People v. Rod Anthony Huff, Jr.*, Case No. SA109037 (filed October 31, 2023), a memorandum dated March 21, 2024, from the California Office of Patients' Rights accompanied with a psychiatric evaluation from the Department of State Hospitals; and correspondence from the superior court. (Pet. at 10–15 (police report), 16 (memorandum), 17-19 (psychiatric evaluation); ECF No. 1-1 at 2 (correspondence).)

Because Petitioner's criminal cases[4] are ongoing, the Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971), and dismiss the Petition without prejudice.

## II. DISCUSSION

Federal courts must abstain from interfering in pending state proceedings absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 45–46. Abstention under *Younger* is warranted where the state proceedings (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to litigate the petitioner's federal constitutional claims. *Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Super. Ct. of State of Cal.*, 23 F.3d 218, 223 (9th Cir. 1994). A claimant may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary

---

[3] The Court will use the page numbers assigned by the ECF system for the Petition and its attachments.

[4] The Petition states Petitioner is in custody for two state criminal cases in Los Angeles County Superior Court: case nos. SA102645 and SA109037-01. (Pet. at 2.) Further, the Court notes that Petitioner lists San Bernardino County Superior Court case no. WHC5B2400041 on the first page of the Petition. (Pet. at 1.)

2

circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

First, this Court takes judicial notice of the docket of the Los Angeles County Superior Court,[5] which shows that Petitioner's criminal matters remain pending. *See Criminal Case Access*, https://www.lacourt.org/criminalcasesummary/ui/ (last visited June 6, 2024). The pendency of the matters before the superior court weighs in favor of abstention. *See Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972) (stating that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after a judgment has been appealed from, and the case has been concluded in state courts).

Second, the state proceedings implicate important state interests, particularly the State of California's interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Accordingly, the second *Younger* factor weighs in favor of abstention.

Third, Petitioner has an adequate opportunity to raise any federal habeas claims in his pending state proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (finding that a federal court should assume that state procedures will afford adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Therefore, the final *Younger* factor also weighs in favor of abstention.

Finally, Petitioner has not alleged facts showing bad faith, harassment, extraordinary circumstances, or irreparable injury. Because all three criteria for

---

[5] *See* Fed. R. Evid. 201; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (holding a district court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

*Younger* abstention apply and there is no compelling reason for federal intervention at this time, the Court abstains from interfering with Petitioner's pending state criminal proceedings. *See Middlesex*, 457 U.S. at 435.

### III.  CONCLUSION

IT IS ORDERED that the Petition is dismissed without prejudice.

DATED: June 10, 2024

_____
ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE